FISCHER et al. v. McMASTER et al.
No. 7979.

Court of Civil Appeals of Texas. Austin.
June 20, 1934.

Rehearing Denied July 11, 1934.

George Mendell, of Austin, and Wilcox & Graves, of Georgetown, for appellants.

A. L. Curtis, of Belton, for appellee Stokes Bros. & Co.

McCormick, Bromberg, Leftwich & Carrington, of Dallas, for appellee J. E. McMaster.

BAUGH, Justice.

Appellants sued appellees for damages for personal injuries and for damages to the automobile in which they were riding, resulting from a collision between said car and a truck, about two miles east of the village of Carmine, on the Austin-Houston highway. Suit was against the owner of the truck, and against Stokes Bros., a partnership, as lessees of the truck, which was, at the time of the collision, hauling freight belonging to Stokes Bros. Trial was to a jury upon special issues. A peremptory instruction was given in favor of J. E. McMaster, the owner. The jury found the operators of said truck guilty of negligence in several respects alleged; and found Erwin Fischer, the driver of the automobile in which the other plaintiffs were riding as passengers, guilty of contributory negligence. They also found the damages sustained by each of the two lady passengers, the other plaintiffs, to be $50 each. The court thereupon rendered judgment that Erwin Fischer take nothing; and that the other two plaintiffs recover $50 each against Stokes Bros. From this judgment, all three plaintiffs have appealed.

The following are substantially the facts: The highway at the place of the collision runs east and west, and is straight for approximately 2 miles. The pavement is 18 feet wide with an unpaved apron on each side several feet wide. Fischer and his party were traveling east. The truck was traveling west, heavily loaded, with trailer attached 90 inches wide. On the south side of the highway (that is, on Fischer's side of the highway) a truck headed east was parked, half upon and half off the edge of the paved portion of the highway. About 50 feet west of this parked truck and on the opposite or north side of the highway, but entirely off the paved portion of the highway, as the colliding vehicles approached from opposite directions, another automobile, headed west, was parked. At the sound of the horn from the approaching truck, this car began moving westward still off the pavement. Both the west-bound truck and the east-bound automobile undertook to pass the parked truck at the same time, with the result that the left side of the trailer body crashed into the left side of the automobile, wrecked the latter, and injured the occupants. The collision occurred directly alongside the parked truck.

■ Thirty-three special issues were submitted, some of which were improper, but no complaint is made of them here. The pleadings and the proof were clearly sufficient to establish primary negligence on the part of the operators of the truck. The controlling question presented on this appeal is whether the answers of the jury to the special issues submitted on the alleged contributory negligence of Fischer are conflicting. It is appellants' contention that they are. The conflict asserted relates to special issues 22 and 26. Special issue 22 was:

"Do you find from a preponderance of the testimony that the plaintiff Erwin Fischer failed to sound his horn or give any audible

or visible signal of his intention to pass on or around the parked truck standing on said highway?"

To this question the jury answered "Yes"; and in answer to special issue 23 found that his failure to do so was contributory negligence.

Special issue 26 read as follows:

"Do you find from a preponderance of the testimony that the plaintiff Erwin Fischer upon the occasion in question suddenly changed the course of the motor vehicle he was driving upon said highway at the time of and immediately preceding the collision without plainly giving a visible or audible signal to the operator of the truck alleged to belong to J. E. McMaster of his intention to change his course?"

To this issue the jury answered "No."

Taken alone these two issues and the jury's answers thereto present an apparent conflict. In their pleadings, however, the appellees, defendants below, alleged several grounds of contributory negligence on the part of Fischer. While some of them were perhaps not sustained by the direct testimony of the witnesses, the surrounding facts and circumstances, taken in connection with such conflicts as were created by the testimony, were sufficient to authorize their submission to the jury; and no objections were made by appellants to their submission to the jury. Among other things, appellees alleged that Fischer was, immediately prior to the collision, driving his car on his left-hand side of the road; that he undertook to pass the parked truck, thus taking more than half the road, without warning. They also alleged that he, immediately prior to the collision, suddenly changed his course and undertook to go around the parked truck without giving any warning of such intention. The issues submitted follow almost exactly the allegations of the answer, charging these different acts of contributory negligence. And when so considered, we think the apparent conflict disappears. If Fischer were driving his car along the center of the highway, or his left-hand side thereof, as alleged, he could, of course, have passed the parked truck without changing his course. This was obviously the issue presented in question No. 22; and the jury's answer thereto amounts to finding that he was driving his car in such course when he undertook to pass the parked truck.

On the other hand, issue No. 26 presented in effect the query of whether he was driving along his right-hand side of the highway, thus approaching the parked truck from the rear. If so, it was of course, necessary for him to have changed his course in order to go around the parked truck, a separate and distinct act of contributory negligence charged in the pleadings to that of attempting to pass the parked truck without warning while keeping his course straight ahead. Fischer himself testified that he gave no warning of his intention to pass the parked truck. Consequently the only issue presented in question No. 26 was whether he suddenly changed his course without warning in order to go around the parked truck. The jury having obviously determined. as indicated by their answer to question No. 22, that his attempt to pass said truck was by continuing his course straight ahead in the position on the highway in which he was traveling, they could not consistently find that he suddenly changed his course in order to pass around the parked truck. That being true, in the light of the different acts of contributory negligence alleged, the answers of these special issues do not present a conflict; but, on the contrary, we think they are consistent and harmonize with each other.

■ Appellants also complain of the instructed verdict in favor of J. E. McMaster. In so far as appellant Fischer is concerned, he not being entitled to recover anyway, under the findings of his contributory negligence, that issue becomes immaterial. Since, however, all the plaintiffs have prosecuted a common appeal, the issue still remains as to the $50 judgment rendered in favor of each of the other two plaintiffs.

The basis on which appellants predicated liability against McMaster, as owner of the truck, was that at the time of the collision. he and Stokes Bros. were engaged in a joint enterprise. This contention cannot be sustained. The truck in question had been leased by Stokes Bros. from McMaster under a written contract whereby Stokes Bros. were to pay him 6 cents per mile for its use, whether operated loaded or empty. Stokes Brothers were to furnish and pay their own drivers. While so used, McMaster exercised no control over it. On the occasion in question, Stokes Bros. were hauling their own merchandise from Houston, Tex., to their own place of business at Lampasas, Tex. McMaster received the same compensation for the use of his truck regardless of the quantity or character of the merchandise hauled, or whether any cargo at all was hauled on the trip; or whether Stokes Bros. hauled their own merchandise or that of some one

else. It was immaterial to McMaster whether the enterprise were profitable or resulted in a loss to them. He neither shared in such profit, if any, nor was he liable for any loss that might result. Consequently there was lacking an essential element to constitute the use of said truck on the occasion in question a joint adventure of McMaster and Stokes Bros. 33 C. J. 841; 25 Tex. Jur. 159, and authorities there cited.

The judgment of the trial court will therefore be affirmed.

Affirmed.